1
2
3
4
          UNITED STATES DISTRICT COURT
5
         NORTHERN DISTRICT OF CALIFORNIA
6
7
   STATE OF CALIFORNIA, et al.,         Case No. 18-cv-00521-HSG
8
           Plaintiffs,         Re: Dkt. No. 33
9
       v.
10
   BUREAU OF LAND MANAGEMENT, et
   al.,
11
           Defendants.
12
   SIERRA CLUB, et al.,           Case No. 18-cv-00524-HSG
13
           Plaintiffs,         Re: Dkt. No. 33
14
       v.
15
   RYAN ZINKE, et al.,        **ORDER GRANTING STATE OF
WYOMING'S UNOPPOSED MOTIONS
TO INTERVENE**
16
           Defendants.
17
18
19
      On March 16, 2018, the State of Wyoming ("Wyoming") filed unopposed motions to
20
intervene in the related above-captioned cases.[1] Dkt. No. 33; *see also* Dkt. Nos. 36 (Defendants'
21
statement of non-opposition); 40 (Plaintiff's statement of non-opposition); Dkt. Nos. 33, 37, 42
22
(same), Case No. 18-cv-00524-HSG. At a hearing on May 1, 2018, the parties confirmed their
23
non-opposition to the motions. *See* Dkt. No. 69. Based on the submissions and the parties'
24
statements, the Court granted the motions at that proceeding. *Id.* The Court issues this order to
25
explain its reasoning in greater detail for the record.
26
27
28
      ---
[1] The relevant filings are substantively identical. Unless otherwise specified, all docket references
are to the earlier-filed case, *State of California, et al. v. Bureau of Land Management, et al.*, Case
No. 18-cv-00521-HSG.

## I.    DISCUSSION

Federal Rule of Civil Procedure 24(a) governs intervention as of right.  The rule is "broadly interpreted in favor of intervention," and requires a movant to show that

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)).  Courts deciding motions to intervene as of right are "guided primarily by practical considerations, not technical distinctions."  *See id.* (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001)); *see also U.S. v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002) (stating that "equitable considerations" guide determination of motions to intervene as of right) (citation omitted).

The Court is satisfied that Wyoming is entitled to intervene as a matter of right.  Wyoming timely filed its applications to intervene in the litigations' early stages.  *See* Mot. at 5–6.  Wyoming has also shown that it has a significant protectable interest in its regulatory program governing hydraulic fracturing, which these actions could implicate.  *See* Mot. at 6–8.  Specifically, Wyoming claims that the Bureau of Land Management's ("BLM") final rule regulating hydraulic fracturing on federal and Indian lands ("the HF Rule") has "undermined the effectiveness" of its complex regulatory scheme.  *Id.* at 7.  As to the third factor for intervention, Wyoming shows that Plaintiffs' requested relief—that is, a finding that Defendants' repeal of the HF Rule is unlawful—would impair Wyoming's interest by causing regulatory uncertainty and a loss of related revenues and investments.  Finally, the Court is persuaded that the existing parties may not adequately represent Wyoming's interests.  On the one hand, Wyoming seeks a substantive outcome that is contrary to Plaintiffs' requested relief.  On the other, Wyoming, as a state, has interests that are discreet from and potentially adverse to the federal agencies and representatives that comprise Defendants in these cases.  Mot. at 9–10.

## II. CONCLUSION

For these reasons, the Court **GRANTS** the motions.

**IT IS SO ORDERED.**

Dated: 5/2/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge